

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2004

# Tarus v. Pine Hill

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3100

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Tarus v. Pine Hill" (2004). *2004 Decisions.* Paper 499.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/499

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-3100

———

ROBERT WAYNE TARUS,
                                        Appellant

v.

BOROUGH OF PINE HILL;
LESLIE GALLAGHER, MAYOR;
JOHN WELKER, POLICE CHIEF

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-04468)
District Judge:  Hon. Joseph H. Rodriguez

———

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2004

Before:  SLOVITER, BARRY and WEIS, Circuit Judges

(Filed July 15, 2004)

———

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is not the first case before us in which a resident of a local community seeks to elevate his or her quarrel with local officials into a federal constitutional issue, and this will probably not be the last of its genre. Each party to this appeal makes broad unsupported legal propositions. What was needed here was civility, accommodation and common sense, rather than an arrest, a local trial, and a federal lawsuit. We decline to expand this matter to yet another level.

## I.

Appellant Robert Tarus, a resident of Pine Hill Borough who regularly attends Borough Council meetings, began videotaping a meeting on September 18, 2000, without permission. Mayor Leslie Gallagher of the Borough of Pine Hill polled several audience and council members and found that several did not wish to be videotaped. Tarus refused the request of Mayor Gallagher to turn off the camera, stating that he had the right to videotape the proceedings under Maurice River Township Board of Education v. Maurice River Township Teachers Association, 187 N.J. Super 566 (Ch. Div. 1982). Mayor Gallagher asked Police Chief John Welker to remove Tarus and Chief Welker asked Tarus to stop recording. Tarus responded that the only way that the camera would be turned off would be if Chief Welker arrested him. Chief Welker turned off the video camera and escorted Tarus out of the meeting room, where he offered to permit Tarus back into the meeting room if he agreed to keep the camera off. Tarus again refused and

Chief Welker then formally charged Tarus with disorderly conduct.

The same sequence occurred again on October 23, 2000. The Borough Solicitor attempted to explain the Maurice River Township decision to Tarus, but Tarus stated that he disagreed with the Solicitor's interpretation. At the Mayor's instruction, Chief Welker then escorted Tarus from the meeting room and again requested that Tarus keep the video equipment off. In the course of a twenty-minute conversation outside of the meeting room, Tarus told Chief Welker he would have to arrest him in order to keep his camera off. Chief Welker then arrested him for disorderly conduct.

The following week, a municipal judge entered a finding of not guilty as to the two disorderly conduct charges pending against Tarus based on his right to videotape the Council meeting. Since then, Tarus has been permitted to videotape Council meetings.

Tarus filed this 42 U.S.C. § 1983 action for damages against the Borough of Pine Hill (the Borough), Mayor Gallagher, and Police Chief Welker, claiming that he had been arrested without probable cause and maliciously prosecuted in violation of his civil rights. Tarus also alleges that Mayor Gallagher violated his First and Fourteenth Amendment rights by applying the Borough Council's five-minute rule, under which an audience member receives up to five minutes to speak, in a discriminatory fashion based on alleged political and personal animosity between himself and the Mayor, who are members of different political parties.

The District Court granted the defendants' motions for summary judgment in full

3

and declined to exercise supplemental jurisdiction over Tarus' state law claims. The court dismissed Tarus' false arrest and malicious prosecution claims based on the ground that Tarus' refusal to obey Chief Welker's order to stop video recording established probable cause to arrest him. The court held that qualified immunity shielded Chief Welker from liability because, in arresting Tarus, he had reasonably relied on the Borough Solicitor's opinion that Tarus had no legal basis for videotaping the proceedings. The court also held that Mayor Gallagher was not responsible for Tarus' arrest. Lastly, the court rejected Tarus' claim that the five-minute speaking rule had been applied to him in a discriminatory fashion because he had submitted inadmissible, unsworn affidavits in support of this allegation. Tarus filed a timely notice of appeal.

## II.

### A. Probable Cause

We have jurisdiction to review this case pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo. Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001).

The District Court held that Chief Welker had probable cause to arrest Tarus based on Tarus' refusal to cease videotaping and consequent disruption of the Council's meetings. The Borough's disorderly conduct ordinance prohibits persons from behaving in a disorderly manner in public places. Pine Hill Borough Ordinance 3-11.1b. Although this ordinance does not define disorderliness, Tarus relies upon New Jersey's definition of

disorderly conduct, which involves fighting, threatening, violent or tumultuous behavior or behavior tending to create hazardous conditions.  See N.J. Stat. Ann. § 2C:33-2.[1]

Tarus thus argues that Chief Welker acted improperly because his conduct did not meet the description of disorderly conduct as invoking violence or threats.

Significantly, under New Jersey law, disorderly conduct is not limited to behavior that rises to the level of violence.  In particular, it provides that:

> A person commits a disorderly persons offense if, with purpose to prevent or disrupt a lawful meeting, procession or gathering, he does an act tending to obstruct or interfere with it physically.

N.J. Stat. Ann. § 2C:33-8.  Moreover, the New Jersey Appellate Division has stated as follows:

> Reasonableness is the key.  Hence, where an officer's instructions are obviously reasonable, in furtherance of his duties, an individual toward whom such instructions are directed has a correlative duty to obey them.  If his refusal to respond results in an obstruction of the performance of the officer's proper tasks, this will constitute a violation of the disorderly persons statute.

State v. Brennan, 344 N.J. Super. 136, 144 (App. Div. 2001) (citations omitted), certif. denied, 171 N.J. 43 (2002).

Here, Chief Welker personally witnessed Tarus undertake conduct to disrupt two

---

[1]  N.J. Stat. Ann. § 2C:33-2a provides:

A person is guilty of a petty disorderly persons offense, if with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof he (1) Engages in fighting or threatening, or in violent or tumultuous behavior; or (2) Creates a hazardous or physically dangerous condition by any act which serves no legitimate purpose of the actor.

Council meetings: Tarus halted the September meeting as he argued with the Council about whether he would be permitted to videotape the proceedings and he delayed the start of the October meeting when he refused to turn off his video camera or change its location. In both cases, the meeting could not proceed until Chief Welker turned off Tarus' video equipment and removed him from the meeting room. Chief Welker thus acted reasonably in believing that Tarus' refusal to stop videotaping or move his video equipment constituted disorderly conduct as tending to obstruct or interfere with the Council's meetings.

Because we agree with the District Court that Chief Welker had probable cause to arrest Tarus, Tarus' claims for false arrest and malicious prosecution fail. Moreover, because Chief Welker did not engage in any wrongdoing in arresting Tarus, we need not reach the related issues of whether Chief Welker and Mayor Gallagher are entitled to qualified immunity as to Tarus' constitutional claims or whether Mayor Gallagher should be held jointly liable for Chief Welker's actions. We will affirm the District Court's grant of summary judgment as to Tarus' claims for false arrest and malicious prosecution.

B. Admissibility of Tarus' Affidavit Evidence

Tarus contends that Mayor Gallagher discriminatorily applied the Council's five-minute rule to limit his speaking time at Council meetings. He attempted to submit to the District Court his own signed statement and a signed writing by Laura Ann Adriano

6

stating that the five-minute rule was singularly enforced against Tarus.[2]  Although both were notarized, neither statement was sworn under penalty of perjury.  The District Court reasoned that in light of Federal Rule of Civil Procedure 56(e)'s requirement of sworn or certified papers, the two statements, which were "not made specifically under penalty of perjury," did "not contain the requisite assurance of reliability and veracity to allow its consideration in lieu of an affidavit."  App. at 27.  The court thus declined to admit these statements into evidence.

Tarus argues that because both of the statements in questions were properly notarized, the District Court erred in refusing to consider the evidence contained therein.  Critically, Tarus does not allege that he suffered any harm or prejudice as a result of the District Court's alleged error.  Assuming arguendo that the District Court should have admitted these statements, it does not appear that Tarus has suffered any harm as a result.  Adriano, an ex-Borough resident who stated that she attended Borough meetings from 1995 to 1999, offered no testimony as to the 2001 dates which Tarus had pinpointed as the dates on which he suffered the Council's discrimination.  Adriano's statements are thus irrelevant to Tarus' claim.  Tarus' statement, though topically relevant, largely mirrors the factual allegations in his complaint and thus offered little new information.  We therefore conclude that, even if the District Court had admitted the statements, the admission would not have affected the outcome of the case, making any purported error

---

[2]  Tarus also cites another unsworn statement by Godert Van Diermen, but that statement makes no reference to the five-minute rule.  App. at 147.

7

harmless.

## III.

For the foregoing reasons, we will affirm the District Court's decision granting summary judgment to the Appellees against Tarus, without prejudice to Tarus' proceeding with his state law claims.